The Judges delivered their opinions.*
Judge Green.
It has frequently been determined here, that a judgment by default in the office, for want of an appearance, if founded upon erroneous proceedings at the rules, is erroneous; and that such error is not cured by the statute of Jeofailsj but, in such cases, if the writ be good, the erroneous proceedings are only set aside, and the cause again sent to the rules, to be there proceeded in. An appearance will cure many errors; but, if the party, although he might have appeared, either at rules or in Court, to set aside the office-judgment, fail to do so, his default in not appearing does not cure any error in the proceedings.
In the case at bar, one of the appellees being an infant, undefended when the rules and judgment were taken against him in the office, although adult before the term of the Court at which that judgment might have been set aside, his failure to appear did not cure the error, if any, in the proceedings in the office. Those proceedings were erroneous. No rule could be taken against him, until a guardian was appointed to defend him, or he attained his *179 age; and, if no one on his behalf applied to the Court to appoint one, the plaintiff was bound, at his peril, if he had continued an infant, to do so.
Two inconveniences would arise out of this rule to the plaintiff; but, the,y are such as are unavoidable, without abandoning the rule of law, that an infant cannot he prejudiced by any judicial proceeding, unless he be defended by guardian; a rule, without which, infants, incapable of protecting themselves, might be utterly ruined, under co-lour of judicial proceedings. One of those inconveniences is, that the plaintiff could not proceed a step in the cause, beyond the filing of his declaration, until the infant attained his age, or the Court sat, so as to enable him or some other to move to appoint a guardian ad litem,. The consequence of which is, that he must continue the cause at rules, without taking any rule in the mean time. The other is, that if the infant be held to bail, and will not or cannot give special bail, as he cannot appear without bail, unless with the plaintiff’s consent, the latter must be content to continue the cause at rules, until the infant attains his age, or to consent to his appearing without bail, which would be left to the election of the plaintiff.
The failure of the infant to appear after he was adult, does not cure the errors at the rules; and, the judgment, being founded on those erroneous rules, is, therefore, erroneous. Moreover, the rules and judgment being joint, and erroneous as to one, they were erroneous in toto, and ought to have been revoked. But, these errors not extending to the writ or declaration, the Court went too far in depriving the party of the benefit of his writ and declaration, which were good. For, if the infant had pleaded infancy, and it had been found for him, judgment might still have been given against the adult defendant; liarIrup v. Thompson, 5 Johns. Rep. ICO; or, the plaintiff might have replied necessaries, though probably without effect; or, the infant may have confirmed the contract, since he came of age. The plaintiff could not have had *180 the benefit of such replications upon the writ of error, and should not be precluded from availing himself of them, if the facts exist. The judgment should have been revoked, anc^ the proceedings at rules, subsequent to the filing of the declaration, set aside; and the cause sent to the rules, to be further proceeded in. The infant now being adult, must give special bail, and plead, or judgment may properly be entered against him, by default for want of appearance, or by nil dicit, as the case may be.
Judge Coalter.
I have not been able to satisfy myself, whether the plea in this case was a bar to the writ of error, or not.
The other Judges, however, being of opinion that it is not, I will merely state my doubts, in order, that if a similar case should ever come before the Court again, an opportunity may be afforded for further enquii-y.
The appellee, Pennell, who has brought this writ of error on the ground of his infancy, was the principal partner, it would seem, in a store, contracted this debt in Philadelphia for goods, and executed the note of the firm. Suit is brought on this note in the Superior Court of Harrison county, returnable to the November rules, 1817, and appearance bail given by the defendants. There being no appearance, an office-judgment was then taken, which at December rules was confirmed. It appears, that on the 9th of January following, the plaintiff in error arrived at full age. The cause stood as an office-judgment at the April term following, and not being set aside, is, by the law, to be considered as a judgment of the last day of that term, and would be so stated in any exemplification of the record, in the same manner as if actually entered in the order book of that day, and signed by the Judge. At this term, the party was of age. Generally, a plea to a writ of error of this kind, that the plaintiff in er *181 ror was of ago at the time of the judgment, is a. good bar to the writ. 2 Lill. Entr. 491, 231, 270.
Suppose he had pleaded at the rules by attorney, and this plea had been tried at the April term. Had he been then an infant, this would have been error; but, 1 believe, it would not in this ease, he being then of age; and that a plea to the writ, that he was then of age, would have been good.
In an action against a defendant who is an infant, the plaintiff may declare as against another person, and it is not necessary to declare against him as an infant, and charge that the goods were necessaries. 2 Morg. Vade mecum, 443; 5 Comyn’s Dig. 173. The suit then was well brought without naming him as an infant, if that had been known. April term was the first time at which the plaintiff could have applied for a guardian to be named; but, then the defendant was of age. What was the plaintiff then to do? Was he to take an office-judgment at November and December against the other defendant, and suspend proceedings against the infant until January rules, (for they were on tlie 19th, and he was of age on the 9th,) and then take a judgment against him, and confirm it at February rules? Had he done this, I apprehend there would have been no foundation for the writ of error. He, however, takes an office-judgment against both, before the infant came of age.
Suppose he had been under age at April term, and the plaintiff had then moved to have a guardian named, but the infant failed to give appearance bail, without which, I apprehend, the guardian could not enter an appearance, and defend, what could the Court do? All that could have been done in that case, it appears to me, would have been, to set aside the office-judgment against him, and send the cause to the rules, that he might give bail, and appear there. But, could even this be done, unless special bail was first given, so as to enable the guardian to appear and make the motion? I am not prepared to say. *182 that an infant is not to give bail. He may have contracted a debt for necessaries. He may, on the eve of coming °f age, have committed an outrageous assault, and may a*s0 on the eve of flying the country, and bail may be necessary.
■ But, at the office-judgment Court he was an adult, and at least stood in no better situation than if he had been an infant, and a guardian had then been assigned. Had he then appeared in Court, and moved to send the cause to the rules without bail, ought the Court to have done so? Had he given bail, and set aside the office-judgment, then the errors, if any, at the rules, would have been cured: 2 Wils. 50; and the most he could have complained of, would have been, that he ought to have an opportunity at rules, to plead in abatement. The Court might have sent it back for that purpose, or perhaps permitted such plea in Court, under the circumstances.
These are some of the grounds, on which I doubt whether the plea in this case was not a bar to the writ of error.
The other Judges, however, being of opinion that it was not, still I think that the judgment on the writ of error is erroneous. The writ and declaration were good, though the proceedings in the office against the infant were not. The course of the Court then, is, to reverse the first error. The judgment and proceedings, then, ought to have been reversed to the declaration, and the cause remanded to the rules, for further proceedings.
Judge Brooke.
The objection, that the writ of error in this case was issued by the Clerk, and not upon motion in Court, is obviated by the facts in the record. The order of the Court, superseding the judgment sought to be reversed, is made on the day of the date of the writ; and the bond recites, that the writ issued by the order of a Judge of the General Court. In the absence of these facts, the objection *183 comes loo late after oyer of the writ of error, and a plea to the assignment of errors, in pursuance of the writ. The judgment on these proceedings, I think, is also correct. The coming of age of the appellee, Pennell, since the coinmon order, can give no new aspect to the case. No Cu-lure pleadings can avail the appellant. The infancy of the appellee being admitted by his plea to the assignment of errors, and adjudged upon demurrer, cannot again he put in issue in any proceedings at rules, nor would it be regular to send the cause back to rules, for a plea that could not be negatived by the plaintiff. I am, therefore, of opinion, that the judgment ought to be affirmed.
Judgment and proceedings reversed to the declaration, and the cause remanded to the rules, for further proceedings.

Judge Cabbell, absent